UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHASE MANHATTAN MORTGAGE
CORPORATION,

       Plaintiff,

                                              Civil No. 06-10343
                                              Hon. John Feikens

v.

ANGELIA BLAKELY-EL,

       Defendant.
_____/

**OPINION AND ORDER**

      Plaintiff comes before this Court and moves for dismissal of the remaining portion of this case, arguing there is a lack of subject matter jurisdiction.[1] Defendant answered, albeit in an untimely manner, with a response entitled, "Defendant Response to Plaintiff Motion to Dismiss and Motion for a Leave to Enter Countersuit Against the Plaintiff." The self-styled document asks this court for leave to file a countersuit against the Plaintiff under "U.S. Code 15 of the Fair Debt Collection Act." She argues that this countersuit would give the Court subject matter jurisdiction

---

[1] Initially, Defendant attempted to remove two cases to this court from Wayne County Circuit Court: a case where she is listed as the Plaintiff, Wayne County Circuit No. 04-424425, and one where she is listed as a defendant, Wayne County Circuit No. 05-536289. Both were in that court on appeal from the 36th District Court of Michigan. Case No. 04-424425 was dismissed in state court on November 5, 2004. Cases which have been dismissed cannot be removed, because there is nothing pending to remove and this Court, therefore, dismissed the portion of the action resting on a removal of Case No. 04-424425. Chase Manhattan Mortgage v. Blakely-El, No. 06-10343, 3006 WL 1072010 (E.D. Mich. Mar. 10, 2006) (Feikens, J.). The portion listed as Case No. 05-536289 was also dismissed but is now before this Court on remand for reconsideration. It is this latter portion that is discussed in this opinion and order.

in this matter.

A. Standard of Review

"Federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." Douglas v. E.G. Baldwin & Assocs., Inc., 150 F.3d 604, 607 (6th Cir. 1998). A district court may hear a case only if it is authorized to do so by a congressional grant of jurisdiction. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). Further, "[a] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). A case is frivolous if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The burden of proving jurisdiction is on the plaintiff. Hollins v. Methodist Healthcare, Inc., 474 F.3d 223, 225 (6th Cir. 2007).

This Court should liberally construe the complaints of *pro se* plaintiffs and should not hold such pleadings to the same stringent standards as formal pleadings drafted by attorneys. Jourdan v. Jabe, 951 F.3d 108, 110 (6th Cir. 1991). Further, *pro se* complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980).

B. Analysis

1. This Court Lacks Subject Matter Jurisdiction

In a somewhat convoluted filing, Defendant attempted to remove this matter to federal court by claiming she is neither a Michigan citizen nor a citizen of the United States. Instead, she

proclaims herself "A Sovereign Indigenous Moor." In other words, she believes she is a sovereign entity who is generally free and clear of the laws of this nation and its states, and specifically, is not under the jurisdiction of the State of Michigan.

Initially, Defendant appeared to argue that her status as a Sovereign American Moor vests this Court with subject matter jurisdiction over litigation involving Plaintiff's foreclosure on her mortgage. This Court has previously considered this argument and have found it to be frivolous, dismissing similar claims for lack of subject matter jurisdiction. See e.g. Thompkins-El v. Wells Fargo Bank Minnesota, No. 05-74715, 2006 WL 2433438 (E.D. Mich. Aug. 22, 2006) (Battani, J.); Hedrick v. Coleman, No. 05-73707, 2005 WL 2671327 (E.D. Mich. Oct. 19, 2005) (Tarnow, J.); see also King v. Corporation of the United States of America, No. 05-72849, 2005 WL 3320866 (E.D. Mich. 2005 Dec. 7, 2005) (Cleland, J.). I do as well.

2. This Court Must Deny Plaintiff's Motion to File Complaint

Even if this court grants "Defendant Response to Plaintiff Motion to Dismiss and Motion for a Leave to Enter Countersuit Against the Plaintiff" the most liberal reading imaginable and entertains it as a valid filing,[2] I must dismiss it. A claim under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). "The relevant consideration is the date of the alleged violation by the debt collector." Purnell v. Arrow Financial Services, LLC, No. 05-73384, 2007 WL 421828 (E.D. Mich. Feb. 2, 2007) (Cleland, J.). Ms. Blakely-El fails to allege a specific violation or state when one may have occurred, and therefore fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The record is clear

---

[2] In trying to give the Defendant as much leeway as possible, I will construe her response/complaint to be a countersuit that asks for relief under the FDCPA.

3

that Ms. Blakely-El was aware of facts that may have constituted a violation as late as January 25, 2006 when she motioned this Court to remove this matter from state jurisdiction and as early as July 19, 2004 when she answered Plaintiff's Summons and Complaint for Trespass in the 36th District Court of Michigan.  I therefore GRANT Plaintiff's motion to dismiss for lack of subject matter jurisdiction, and DENY Defendant's Motion for leave to enter countersuit against the Plaintiff because it fails to state a claim and, in any event, was filed after the statute of limitations for Fair Debt Collections Practices Act had tolled.

**IT IS SO ORDERED.**


Date: <u>April 5, 2007</u>                               s/John Feikens
                                                        United States District Judge


Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on April 5, 2007, by U.S. first class mail or electronic means.

                     s/Carol Cohron
                     Case Manager